UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**COLIN HOOPER,**

Plaintiff,

**Case No. 2026-cv-2067**

vs.

**RELIANCE STANDARD LIFE INSURANCE COMPANY,**

Defendant.

---

# COMPLAINT

---

Plaintiff, Colin Hooper, by Hawks Quindel, S.C., for his complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Milwaukee County, Wisconsin.

2. Defendant, Reliance Standard Life Insurance Company ("Reliance"), is a corporation organized under the laws of Illinois and licensed to do business in Wisconsin. The registered agent for service of process under the Plan is CT Corporation System, 301 South Bedford Street, Suite 1, Madison, WI 53703.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

7. Plaintiff is a former Automative Service Foreman for Van Horn Automative Group.

8. During the course of Plaintiff's employment, Plaintiff became eligible for coverage under the employer's long-term disability insurance ("LTDI") Plan.

9. Plaintiff ceased working on or about September 10, 2025, due to his medical conditions, including Autism Spectrum Disorder ("ASD") and Complex Post-Traumatic Stress Disorder ("C-PTSD").

10. Upon becoming disabled, Plaintiff filed a claim for LTDI benefits.

11. Plaintiff's LTDI benefit is worth approximately $5,000.00 per month.

12. Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits.

13. Defendant was responsible for paying Plaintiff's LTDI benefits.

14. Defendant denied Plaintiff's LTDI benefits claim on February 5, 2026, as a pre-existing condition, because Plaintiff received medical treatment, consultation, care or services, or

took prescribed drugs or medicines for psychiatric symptoms during the lookback period, which was from October 1, 2024 to January 1, 2025.

15. Plaintiff timely appealed Defendant's denial of LTDI benefits.

16. During the pendency of Plaintiff's appeal, Defendant obtained a record review opinion from Dr. Jeremy Hertza, Board Certified in Neuropsychology.

17. On or around March 12, 2026, Dr. Hertza revised his opinion pertaining to Plaintiff's claim to explain that "the available medical record is found to no support Autism Spectrum Disorder as a functionally impairing condition from 09/10/2025 ongoing."

18. On or around March 18, 2026, Dr. Hertza further responded to Defendant's inquiries about whether the file contained "any medical documentation during the period 10/01/24, through 12/31/24, that correlates with the recent diagnosis of autism spectrum disorder" by stating: "There is no documentation during the period of 10/01/24 through 12/31/24 that correlates with the recent diagnosis of autism spectrum disorder."

19. On August 3, 2026, Plaintiff supplemented his appeal of Defendant's February 5, 2026 adverse benefit determination.

20. Plaintiff submitted complete medical documentation in support of his disability as part of the appeal, including September 2025 neuropsychiatric testing results which confirmed his Autism Spectrum Disorder diagnosis for the first time.

21. Plaintiff's appeal supplement did not include additional medical records for treatment between October 1, 2024 and January 1, 2025 because no such additional records exist.

22. Plaintiff submitted all information requested by the Defendant.

23. On August 21, 2026, Defendant obtained an addendum from Dr. Hertza which stated as follows:

The newly presented testing (09/05/2025, Jessica Chapin, PhD), valid, helped to understand the nature of the claimant. In more detail, the claimant has Autism Level 1 and has increasingly struggled with managing those symptoms with age. While cognition is largely low average or better, and not in and of itself functionally limiting, other symptoms are. Namely, the claimant struggles with emotional control, interaction with others, being flexible in thinking, and handling change/break from routine. Depression is also reported, with the claimant engaging in virtual IOP. Frankly, this level of care does not match supported emotional distress, as psychological testing does not support severe emotional distress and neither do mental status exams. When the record is examined comprehensively, total occupational impairment is not supported. However, the claimant is limited to simple, repetitive work, under a strict schedule, with limited contact with coworkers and the public from 09/10/2025, and ongoing. Without the above noted accommodations, the claimant will be impaired in ability to manage workplace tasks, interact with co-workers and the public, manage stress and handle change. These restrictions are lifelong and will not likely change.

24. On September 10, 2026, Dr. Hertza provided another opinion in response to Defendant, which responded to Defendant's inquiries as follows:

**4. If you found there were impairing conditions in your addendum response, please advise if the impairing conditions were caused by, contributed to by, or resulting from a condition for which during the period of 10/01/24, to 01/01/25, the claimant received medical treatment, consultation, care or services, including diagnostic procedures, or took prescribed drugs or medicines?**

Yes. All impairing conditions were already ongoing during the period 10/01/2024, to 01/01/2025.

**5. Please explain the relationship between the condition(s) treated during the period of 10/01/24, to 01/01/25, and the impairing condition(s), if applicable. In other words, please explain in detail how the conditions that were treated during 10/01/24, to 01/01/25, caused, contributed to, or resulted in the impairing condition(s), if applicable.**

The claimant has lifelong ADHD and Autism, and while the autism was not diagnosed until 2025, symptoms are clearly lifelong. These conditions were being treated from 10/01/2024, to 01/01/2025.

25. On September 11, 2026, Defendant sent Dr. Hertza's August 21, 2026 and September 10, 2026 opinions to Plaintiff with an opportunity to respond.

26. On September 25, 2026, Plaintiff, through counsel, responded to Defendant noting that it could not meet its burden of proving his claim was excluded from coverage under the Plan's pre-existing condition provision in light of Dr. Hertza's contradictory conclusions about his treatment for Autism Spectrum Disorder from October 1, 2024 through December 31, 2024.

27. On September 29, 2026, Defendant upheld its adverse benefit determination on Plaitniff's claim as excluded from coverage as a pre-existing condition, because he purportedly

received medical treatment, consultation, care or services, or took prescribed drugs or medicines for Autism Spectrum Disorder during the lookback period.

28. Defendant failed to consider the issues raised in Plaintiff's appeal.

29. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability as provided with his claim and appeal.

30. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

31. Defendant failed to engage in a meaningful dialogue with Plaintiff.

32. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

33. Defendant conducted a selective review of the information and documentation submitted by Plaintiff in support of his claim.

34. Defendant did not perform a "full and fair review" of Plaintiff's claim.

35. Defendant cannot meet its burden to prove that Plaintiff's claim is excluded from coverage under the Plan's pre-existing condition provision.

36. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

37. At all times material to this case, the Plan has remained in full force and effect.

38. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

39. The preceding paragraphs are reincorporated by reference as though set forth herein.

40. Plaintiff has been and remains disabled under the Plan at all times since September 10, 2025.

41. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plans have not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

42. Defendant wrongfully denied LTDI benefits due to Plaintiff.

43. Alternatively, if a deferential standard of review applies, then Defendant arbitrarily, capriciously, and unreasonably denied Plaintiff benefits.

44. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

45. Defendant failed to provide a full and fair review by failing to consider all information submitted by Plaintiff throughout its appeal process.

46. Defendant failed to provide a full and fair review by wrongfully relying on Dr. Hertza's conflicting peer review reports when deciding to uphold its denial of Plaintiff's benefits.

47. Defendant's denial of Plaintiff's LTDI benefits was incorrect and "downright unreasonable."

48. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff, Colin Hooper, demands judgment from the Defendants for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: November 6, 2026

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Colin Hooper*

By: */s/ Timothy P. Maynard*
Timothy P. Maynard, SBN 1080953
Carmen L. Lopez, SBN 1122201
5150 N. Port Washington Rd.
Suite 243
Milwaukee, Wisconsin 53217
Telephone: 414-271-8650
Facsimile: 414-207-6079
Email: tmaynard@hq-law.com
clopez@hq-law.com